**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SHANNON YVETTE JAEGER-
RODENGEN,

Plaintiff,

v. Case No. 3:25-cv-521-MMH-PDB

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

---

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 24; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on July 30, 2026. In the Report, Judge Richardson recommends that the decision of the Commissioner of Social Security denying Plaintiff, Shannon Yvette Jaeger-Rodengen's, claim for disability insurance benefits be affirmed. See generally Report; see also Plaintiff's Memorandum of Law (Doc. 16; Jaeger-Rodengen's Memorandum), filed on November 5, 2025; Memorandum in Support of the Commissioner's Decision (Doc. 22; Commissioner's Memorandum), filed on January 23, 2026; Plaintiff's Reply to Defendant's Memorandum in Support of the Commissioner's Decision (Doc. 23; Jaeger-Rodengen's Reply Memorandum), filed on February 5, 2026. Jaeger-

Rodengen timely filed an objection to the Report. See Objection to Report and Recommendation (Doc. 28; Objection), filed on August 17, 2026.[1] The Commissioner responded to the Objection. See Defendant's Response to Plaintiff's Objections to Magistrate Judge's Report & Recommendation (Doc. 30; Response), filed on September 4, 2026. Accordingly, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Under Rule 72, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[2] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden,

[1] The Magistrate Judge granted an extension for filing the Objection up to and including August 20, 2026. See Endorsed Order (Doc. 27).

[2] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 1.

715 F.3d 1295, 1304–05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not"). Because the Court finds that the Objection is due to be overruled and the Report is due to be adopted as the Court's opinion, the Court will not repeat the factual background or the arguments and authority addressed there. Instead, the Court writes briefly only to address the Objection.

Jaeger-Rodengen raises one objection to the Report. See generally Objection. She contends that the Court should decline to adopt the Magistrate Judge's determination that the Administrative Law Judge (ALJ) properly evaluated the opinion of Dr. Darrin Kirkendall. See id. In doing so, rather than identifying any legal or factual error in the Magistrate Judge's analysis, she simply reasserts the arguments she made in her Memorandum and her Reply Memorandum regarding consideration of her subjective complaints. See id. at 2 (citing Jaeger-Rodengen's Memorandum and Reply Memorandum). And to the extent Jaeger-Rodengen contends that "the ALJ must build a logical analytical bridge explaining what particular evidence undermined the medical opinions and why," id. at 3, the Court disagrees. Binding precedent requires only that an ALJ "state with at least some measure of clarity the grounds for his decision." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir.

2011) (quoting Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984) (emphasis added), accord Sturdivant v. Soc. Sec. Admin., Comm'r, No. 22-13952, 2023 WL 3526609, at *4 (11th Cir. May 18, 2023) ("Sturdivant argues that the ALJ was required to link evidence to the RFC findings, but our case law only requires that the ALJ state with clarity his reasons for his decision.").[3] Here, the ALJ's decision satisfies this requirement.

According to Jaeger-Rodengen, the ALJ failed to consider her subjective complaints at all when determining the severity of her mental impairments. See Objection at 2. But this is inaccurate. In the decision, the ALJ acknowledged Jaeger-Rodengen's subjective complaints but found that they were not "reported during her psychotherapy [appointments]" and that she had reported a significant improvement in her anxiety and panic attacks. Tr. 39-40. The ALJ also discussed the records and testing that were inconsistent with her more severe subjectively reported symptoms. See id. The ALJ addressed the evidence and explained how he determined the RFC with sufficient clarity to permit judicial review. And the ALJ's determination regarding the weight given to Dr. Kirkendall's limitations is fully supported by substantial evidence.

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

For the foregoing reasons, the Objection is due to be overruled. Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Objection to Report and Recommendation (Doc. 28) is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 24) is **ADOPTED** as the opinion of the Court.

3. The Clerk of Court is directed to (1) **enter judgment** pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision; and (2) close the file.

**DONE AND ORDERED** in Jacksonville this 16th day of September, 2026.

Marcia Morales Howard
**MARCIA MORALES HOWARD**
United States District Judge

Copies to:
Counsel of Record